FILED & JUDGMENT ENTERED
Steven T. Salata

Mar 10 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
J. Craig Whitley
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Case No. 10-33089 |
| | ) Chapter 7 |
| WILLIAM ANTON THAMS and | ) |
| DENETTE RENEE THAMS, | ) |
| | ) |
| Debtors. | |

**MEMORANDUM OPINION SUSTAINING TRUSTEE'S OBJECTIONS TO
EXEMPTIONS CLAIMED BY DEBTORS**

THIS MATTER came on before the undersigned United States Bankruptcy Judge for the United States Bankruptcy Court for the Western District of North Carolina on February 17, 2011, on the Trustee's Objections to Exemptions Claimed by Debtors. Jessica V. Shaddock appeared on behalf of the Trustee; Brian Thomas Bain appeared on behalf of the Debtors.

The Debtors contend that that the Female Debtor is entitled to claim an equitable ownership interest in vehicles titled solely in the Male Debtor's name. The Trustee contends that Bankruptcy Code Section 544 grants him lien rights in the vehicles superior to those of the Female Debtor and as such only the Male Debtor may claim exemptions under N.C. GEN. STAT. §§ 1C-1601(a)(2),(3) in the vehicles.

On October 21, 2010, the Debtors filed a joint voluntary Chapter 7 bankruptcy petition. In Schedule B, the Debtors listed two vehicles; a 2003 GMC Yukon, VIN # 16KEK132935101928 (the "GMC Yukon") and a 2005 Infiniti FX35 (the "Infiniti"), VIN #

JNRAS08W85X260947 (collectively, the "Vehicles"). On Schedule C, the Female Debtor claimed the full $3,500 exemption allowed under N.C. GEN. STAT. § 1C-1601(a)(3) and the full $5,000 wildcard exemption allowed under N.C. GEN. STAT. § 1C-1601(a)(2) in the 2005 Infiniti.

In opposition to the Trustee's objections, the Debtors presented evidence through the witness testimony of the Male Debtor. Based on the record, the testimony of the witness and arguments of counsel, the Court finds that the Vehicles are titled solely in the Male Debtor's name and as such, the Court finds that the Female Debtor does not have a legal interest in the Vehicles. The Male Debtor claimed the maximum $3,500.00 exemption allocated for one motor vehicle under N.C. GEN. STAT. § 1C-1601(a)(3) in the GMC Yukon. The Male Debtor claimed $2,500.00 of his wildcard exemption under N.C. GEN. STAT. § 1C-1601(a)(2) in the GMC Yukon and claimed $2,499.00 of his wildcard exemption under N.C. GEN. STAT. § 1C-1601(a)(2) in the Infiniti. The Female Debtor claimed the maximum $3,500.00 exemption allocated for one motor vehicle under N.C. GEN. STAT. § 1C-1601(a)(3) and $2,500.00 of her wildcard exemption under N.C. GEN. STAT. § 1C-1601(a)(2) in the Infiniti.

Both Debtors work outside of the home, and each Debtor requires the use of a vehicle for travel to and from work and for the transportation of their children. When the Infiniti was purchased, the certificate of title was issued solely in the Male Debtor's name. This was done because the Male Debtor handled most of the business transactions for the family. The Male Debtor financed the purchase price of the Infiniti through the credit agency of the dealership.

In May of 2008 the Debtors collectively chose to pay off the lien on the Infiniti, at which time approximately $27,638.00 was owed. After making this decision, the Debtors borrowed the sum necessary to make the payoff from their Home Equity Line of Credit. This line of credit is the joint responsibility of the Debtors and is secured by the Debtors' primary residence held as Tenants by the Entirety. The Debtors' records show that an automobile loan with Bank of America was in fact paid off in full in May of 2008. The Debtors jointly used the vehicles based

upon who drove their children to school that morning, but the Female Debtor was the primary user of the Infiniti and the Male Debtor was the primary user of the GMC Yukon.

The Debtors argued that in the case of personal property for which a certificate of title is issued, the interests in that personal property are not limited to the names on the certificate of title and that while the certificate of title establishes a presumption of ownership in a vehicle, the presumption is rebuttable and can be overcome by a showing of joint ownership. The Debtors relied in part on the decision in *In re Hortsman*, 276 B.R. 80 (Bankr. E.D.N.C. 2002), in which Judge Leonard stated, ". . . the court is aware of circumstances under which a debtor conceivably could claim an exemption in a vehicle titled in the name of another person." In *Hortsman*, the Court cited several cases in which the presumption of ownership was overcome by a showing of joint ownership based upon equitable tenets. The Debtors also relied on *In re Mitchiner*, Case No. 94-00024-5-ATS (March 18, 1994) (Bankr. E.D.N.C. 1994) (unpublished opinion), in which the court held that although both of the debtors' two vehicles were titled in the husband's name, it was clear that one vehicle belonged to the wife and the other vehicle belonged to the husband. The court permitted the female debtor to claim the statutory automobile exemption in the vehicle to which she primarily used. The Debtors also cited *In re Johnson*, 210 B.R. 153, 156 (Bankr. D. Minn. 1997), which found that the presumption of ownership in the male debtor alone was overcome due to the fact that the female debtor's father paid the majority of the purchase price for a pop-up camper titled solely in the male debtor's name. The court found a shared equitable ownership in the debtors such that the wife could establish a joint ownership interest in the camper and thereby claim her statutory exemption in the personal property.

The Trustee argued that ownership of a vehicle is defined by state law and that in North Carolina it is the issuance of a new certificate of title that transfers a vehicle from one owner to the next. *See* N.C. GEN. STAT. §§ 20-72, 73. The Trustee referred to the North Carolina titling statutes as set forth in *Hortsman*, which equates the transfer of title to the transfer of ownership.

*Id*. § 20-72; *Nationwide Mut. Ins. Co. v. Hayes*, 276 N.C. 620, 630 (1970) (holding that title in North Carolina is synonymous with ownership). N.C. GEN. STAT. § 20-72 makes clear that in order to transfer title or interest in a vehicle in North Carolina, "the owner *shall* execute . . . an assignment and warranty of title on the reverse of the certificate of title . . . and no title to any motor vehicle shall pass or vest until such assignment is executed." (emphasis added).

The Trustee further argued that *In re Hortsman*, *In re Mitchiner* and *In re Johnson* each failed to consider the application of the Trustee's strong arm powers under 11 U.S.C. § 544(a) and their effect on the Female Debtor's assertion of an equitable title in the Vehicles given that the joint estates of co-debtors are separate legal entities.

The Trustee relied upon the reasoning set forth in the decision of *Hopkins v. Brasseaux* (*In re Saunders*), 07-8081 (Bankr. D. Idaho. 2-25-2008). In *Hopkins* the defendant asserted an equitable ownership interest in a 2002 Toyota Tacoma SR5 (the "Truck") titled in her daughter's name at the time her daughter filed for bankruptcy. It was undisputed that the defendant paid the full purchase price for the Truck with her personal check, that she alone signed the purchase agreement for the Truck, and that she had sole possession and use of the Truck. Furthermore, the Truck was registered in the defendant's name, the defendant bore the cost of insuring and maintaining it, and the debtor was not even aware that her name appeared on the title certificate. The defendant explained to the court that she placed the debtor's name on the Truck's certificate of title so the Truck would avoid probate when she died.

The *Hopkins* Court stated in relevant part that:

> Given these facts, it is doubtful that an Idaho court, sitting in equity, would allow [the Debtor] to assert a superior, or even an equal interest, in the [Truck] in any contest with Defendant.
>
> However, if an innocent third-party were to assert an interest in the vehicle claiming through [the Debtor], based upon its reliance upon the title as shown by the certificate, the outcome may change. Although solely by inadvertence, when Debtors filed their bankruptcy petition, they opened the door to the bankruptcy

> trustee to assert such a third-party interest.
>
> The Bankrtupcy Code grants a trustee an impressive array of powers to assemble and liquidate assets for the benefit of a debtor's creditors. . . .
>
> Although the legislative history of [11 U.S.C. § 544(a)] suggests its basic purpose was to avoid the "evil" of secret liens and prebankruptcy transfers of the debtor's property, "that basic purpose is not its sole purpose. . . ." *Duck v. Wells Fargo Bank* (*In re Spectra Prism Industries, Inc.*) 28 B.R. 397, 399 (9th Cir. BAP 1983). [Section] 544(a) [sic] grants a trustee "all other rights and powers that a creditor holding a judicial lien would have after prevailing in a simple contract action, whether or not such creditor exits in fact." *Id.* at 399. Thus, if under the applicable state law, a judicial lien creditor would prevail over an adverse claimant, the trustee will prevail . . . .

The *Hopkins* court analyzed the interplay between Idaho vehicle titling laws and the Trustee's strong arm powers under 11 U.S.C. § 544(a). The court noted that the policy rationale for titling laws is to protect those who rely on the certificate of title to determine ownership rights and interests in vehicles. On the date of the bankruptcy petition, it would be proper for a judicial lien creditor to assume that the debtor was the owner of the Truck based upon the certificate of title. The court explained that although the debtor's interest would be inferior in a dispute between the debtor and the defendant, in a dispute between a judicial lien creditor of the debtor and the defendant, the judicial lien creditor would prevail. As such, the court held that the Trustee was entitled to administer the vehicle as property of the bankruptcy estate since under 11 U.S.C. § 544(a)(1), the Trustee was in the position of a judicial lien creditor whose lien attached on the date of filing. Thus, the Trustee's rights were superior to any equitable claim of the defendant.

Here, analogous to the defendant in *Hopkins*, the Female Debtor is claiming an equitable interest in a vehicle titled solely to another. Although the record title holder of the Infiniti is the co-debtor in this instance, the joint estates of co-debtors are separate legal entities. As such, this Court agrees with the reasoning of the *Hopkins* decision and finds that the Trustee has a superior

interest against any interest that the female debtor may claim in the Vehicles pursuant to 11 U.S.C. § 544(a)(1) and North Carolina titling statutes. The Court further finds that that the Female Debtor is not entitled to the exemptions claimed by her in the Vehicles.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Trustee's Objections to Exemptions Claimed by the Debtors are SUSTAINED and that the Female Debtor's claim of exemptions in the 2005 Infiniti in the total amount of $8,500.00 is denied.

This Order has been signed electronically.     United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.